## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FRANKLIN R. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:06-cv-1725-DFH-WTL |
| ) | |
| EDWARD WILSON, ) | |
| JOSEPH TESMER, ) | |
| ) | |
| Defendants. ) | |

### Entry Discussing Motion for Summary Judgment

This is a civil rights action in which Franklin R. Johnson ("Johnson") alleges that his federally secured rights were violated by defendants Edward Wilson (a Putnam County Deputy Sheriff) and Joseph Tesmer (a Putnam County Reserve Deputy Sheriff) on the evening of December 4, 2004. The defendants seek resolution of Johnson's claims through the entry of summary judgment.

For the reasons explained in this Entry, the motion for summary judgment must be **granted.**

### I. Summary Judgment Standard

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ("the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case").

Johnson has failed to respond to the motion for summary judgment.[1] Accordingly, the factual assertions on which the motion for summary judgment is based and which are properly supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). The Seventh Circuit Court of Appeals has consistently "sustained entry of summary judgment where 'the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997)(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II.  Discussion

Johnson's claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Because section 1983 is not itself a source of substantive rights,"the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,*  510 U.S. 266, 271 (1994). As the defendants argue, Johnson's claims here touch upon protections afforded by the Fourteenth and the Fourth Amendments to the United States Constitution.

*Fourteenth Amendment Deprivation of Property.* The events pertinent to Johnson's claims started with a police chase which occurred in Putnam County, Indiana, on the evening of December 4, 2004. At that time, and having been dispatched on a run involving an alleged domestic dispute involving battery, the defendants observed an automobile being driven by Johnson pull out of a ditch onto the roadway and operated in an erratic manner. Deputy Wilson, who was driving his marked squad car, decided to investigate the condition of the driver of that automobile and thus activated his emergency lights. The automobile sped away, which caused Deputy Wilson to activate his siren and pursue the vehicle. The chase proceeded, with the pursued vehicle coming to a stop when it ran into a tree after having turned into a muddy lane. Deputy Sheriff Wilson was unable to stop his vehicle following the sudden stop of the pursued vehicle, and Wilson's car struck the rear of the pursued vehicle. The driver of the pursued vehicle exited that vehicle and was arrested.

---

[1]Johnson did acknowledge receipt of that motion in his letter to the court filed on December 11, 2007. The court responded to the concerns in such letter in its Entry of December 27, 2007, and thereafter extended the deadline for a response through January 29, 2007. No response to the motion for summary judgment, nor any other communication relating to this case, has been received from Johnson.

Johnson claims property damage to his car as the result of the above, and of course the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law."

To establish a deprivation of property without due process of law, Johnson must show (1) that the offending actions were taken by someone acting under the color of state law; (2) that the conduct deprived him of a constitutionally protected property interest; and (3) the alleged deprivation occurred without due process of law. See *Germano v. Winnebago County,* 403 F.3d 926, 927 (7th Cir. 2005). The defendants do not dispute the first two elements of such a claim, but contend that Johnson had (or has) a constitutionally adequate remedy under Indiana law. This court agrees.

When a deprivation of property without notice is random and unauthorized, a federal due process claim may still be viable unless an adequate post-deprivation remedy is available. See, *e.g., Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Specifically, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Id.* ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act, IND. CODE § 34-13-3-1 *et seq.,* ("ITCA") provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")

Johnson's position as to this first claim, as the court may take it to be from the assertion of this claim in the complaint, is absolutely correct that he was entitled to constitutional protections with respect to the seizure of his property (the striking of the automobile he was driving while being pursued by Deputy Sheriff Wilson), but this means nothing more and nothing less than due process, for that is the guarantee of the Fourteenth Amendment. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Johnson had an adequate post-deprivation remedy under the circumstances he alleges, consisting of a claim under the ITCA. Whether such a remedy was actually sought, and if sought whether it was successful, would not establish that Indiana's remedy is inadequate. *See Hamlin v. Vaudenberg,* 95 F.3d 580, 585 (7th Cir. 1996) (holding that post-deprivation remedy must be "meaningless or nonexistent" to be inadequate); *Easter House v. Felder,* 910 F.2d 1387, 1406 (7th Cir. 1990) (explaining that state remedy is not necessarily inadequate because it is uncertain or incomplete).

*Fourth Amendment Arrest.* The defendants have understood Johnson's complaint as possibly asserting a claim that there was no probable cause for his arrest. The court will do likewise.

3

The Fourth Amendment protects against unreasonable searches and seizures. "Reasonableness" under the Fourth Amendment, and thus, the constitutionality of a warrantless arrest, requires the existence of probable cause to make an arrest. "A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim." *Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir. 1990). Conversely, police may make warrantless arrests based on probable cause. *United States v. Watson,* 423 U.S. 411, 418 (1976).

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford,* 125 S. Ct. 588, 593 (2004) (citations omitted). A law enforcement officer has probable cause to arrest a suspect "when the totality of the facts and circumstances within his knowledge and of which he has reasonably trustworthy information is sufficient to warrant a prudent person in believing the suspect committed or was committing an offense." *Marshall v. Teske,* 284 F.3d 765, 770 (7th Cir. 2002). "Determinations of probable cause are naturally based on probabilities, and a finding of probable cause 'does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime.'" *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003) (quoting *United States v. Carrillo*, 269 F.3d 761, 766 (7th Cir. 2001)).

The defendants' observation of the manner in which the automobile driven by Johnson was being operated during the evening of December 4, 2004, indicated that a traffic stop was warranted. *Whren v. United States,* 517 U.S. 806, 810 (1996) (decision to stop and detain motorists is reasonable where there is probable cause to believe that a traffic violation has occurred). The action of Johnson in fleeing the defendants' squad car under the circumstances presented here and the struggle after the chase had ended also justified Johnson's arrest for resisting law enforcement pursuant to IND. CODE § 35-44-3-3(a)(1) and (3). *State v. Russ,* 480 N.E.2d 248, 249 (Ind.Ct.App. 1985); IND. CODE § 35-33-1-1("A law enforcement officer may arrest a person when: . . . (4) He has probable cause to believe the person is committing or attempting to commit a misdemeanor in his presence.").

"It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992) (citing *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989)). It is indisputable in this case that there was probable cause for Johnson's arrest, and the defendants are entitled to summary judgment as to this claim.

*Fourth Amendment Use of Force.* Johnson also claims that the defendants used constitutionally excessive force in apprehending him after the pursuit ended.

The Fourth Amendment's proscription against unreasonable seizures provides the pertinent constitutional provision governing the claim against the defendants. *Graham v. Connor,* 490 U.S. 386, 396 (1989)("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other

4

'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard.").

The court has determined that Johnson's arrest was lawful. Such an arrest justified the use of force by the defendants to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* Nonetheless, the Fourth Amendment prohibits the use of excessive force during the execution of a seizure. *Id.* at 395. See *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U.S. 1116 (1998).

In order to decide whether the amount of force used during a seizure is "excessive," a court examines the totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government interests at stake. *See Lanigan v. Village of E. Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

> Whether excessive force was used is evaluated under the "objective reasonableness" standard, through which courts assess whether the actor's actions were objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397; *Chapman v. Keltner,* 241 F.3d 842, 847 (7th Cir. 2001). Factors which are relevant to this evaluation include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. Ultimately, the excessive force inquiry "looks to whether the force used to seize the suspect was excessive in relation to the danger he posed--to the community or to the arresting officers--if left unattended." *McDonald v. Haskins,* 966 F.2d 292, 294 (7th Cir. 1992); *see also Lanigan v. East Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

*Jacobs v. City of Chicago,* 215 F.3d 758, 773 (7th Cir. 2000).

Here, the evidentiary record is undisputed as to what transpired relative to the defendants' use of force: The automobile driven by Johnson fled the defendants' police vehicle despite the use of emergency lights and the siren. This required a pursuit by the defendants. Johnson attempted to avoid the traffic stop, which then escalated into a police chase. The pursuit ended through Johnson's automobile coming to a stop when it hit a tree. Johnson emerged from his automobile. He did not immediately submit to the authority of the defendants, who had directed him to do so. He then proceeded to actively resist arrest and attempt to flee on foot. The defendants wrestled Johnson to the ground and applied handcuffs. The foregoing shows that, although force was used, it was Johnson's actions which caused the entire encounter, caused that encounter to escalate to a police chase and caused the use of force in apprehending him. That force was not excessive in relation to the need to effectuate Johnson's arrest, and hence there was no unconstitutional use of force against Johnson during his arrest by the defendants on the evening of December 4, 2004.

*Official Capacity Claims.* Each defendant is sued in this action individually and in his official capacity as a Deputy Sheriff of Putnam County. The claims against the defendants in their official capacities is in all respects other than name against their municipal employer, Putnam County. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the [municipal] entity . . . for the real party in interest is the entity.") (internal citation omitted). *Monell v. New York City Dept. of Social Services,*; *accord*, 436 U.S. at 690 n.55 (1978) ("official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Claims against a municipal defendant are cognizable under 42 U.S.C. § 1983 only when its official policies or customs cause its employees to violate another's constitutional rights. *Monell,* 436 U.S. at 691. However, because neither defendant violated Johnson's constitutional rights in connection with the events of December 4, 2004, Putnam County cannot be held liable in this case. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) ("it is well established in this Circuit that a municipality's liability for a constitutional injury requires a finding that the individual officer[ ] [is] liable on the underlying substantive claim"). The motion for summary judgment must therefore be granted as to the official capacity claim.

### III. Conclusion

Summary judgment is, in a rough sense, "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). The defendants have shown that Johnson's federally secured rights were not violated in connection with the events of May 7, 2002. Accordingly, the defendants' motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 2/8/2008